# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | CASE NO: 13-35006-KRH |
|       ALVIN L. FIELDS AND<br>      CAROLYN T. FIELDS, | CHAPTER 13 |
| Address:   2439 Brunswick Dr<br>         Alberta, VA 23821 | |
|     Debtor(s). | |
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR<br>LSF8 MASTER PARTICIPATION TRUST,<br>BY CALIBER HOME LOANS, INC., AS ITS<br>ATTORNEY IN FACT<br>     Plaintiff, | |
| v. | |
| ALVIN L. FIELDS AND CAROLYN T.<br>FIELDS,<br>Debtor(s)<br>CARL M. BATES, Trustee | |
|    Defendants. | |

## NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney in fact, a creditor in this case, has filed papers with the court to obtain relief from the automatic stay of the Bankruptcy Code with regard to certain property more particularly described in those papers which are attached.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant this creditor relief from the provisions of the automatic stay of the Bankruptcy Code, or if you want the Court to consider your views on the Motion for relief from the automatic stay, then on or before **September 5, 2014**, you or your attorney must:

File with the Court, at the address shown below, a written response pursuant to Local Bankruptcy Rules 4001(a)-1(C) and 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

> United States Bankruptcy Court
>  701 East Broad Street, Suite 4000
> Richmond, VA 23219

You must also mail a copy of any such response to:

> Jason L. Hamlin, Esquire
> Brock & Scott, PLLC
> 484 Viking Dr., Ste 100
> Virginia Beach, VA 23452

Attend the preliminary hearing that will be conducted in the Richmond Division of the US Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, VA 23219 on **September 24, 2014 at 9:30 am in Courtroom 5000**.

If no timely response has been filed opposing the relief requested, the Court may grant the relief requested in the Motion from Relief from Stay.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sough in the Motion for Relief from Automatic Stay and may enter an Order granting the relief.

Date: <u>August 22, 2014</u>                    Signature:    <u>/s/Jason L. Hamlin</u>
                                                Name:         Jason L.Hamlin, VSB# 46931
                                                              Brock & Scott, PLLC
                                                              484 Viking Dr. Ste 100
                                                              Virginia Beach, VA 23452
                                                              757-213-2959 (x3023)
                                                              vaecf@brockandscott.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>August 22, 2014</u>, a true copy of the foregoing Notice of Motion for Relief from the Automatic Stay was submitted for electronic transmittal or mailed, first class, postage prepaid to:

Jason Meyer Krumbein
5310 Markel Rd
Suite 102
Richmond, VA 23230

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218

Alvin L. Fields
Carolyn T. Fields
2439 Brunswick Dr
Alberta, VA 23821

/s/ Jason L. Hamlin
Jason L. Hamlin, VSB# 46931
Brock & Scott, PLLC
484 Viking Dr., Ste 100
Virginia Beach, VA 23452

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | CASE NO: 13-35006-KRH |
|         ALVIN L. FIELDS AND<br>        CAROLYN T. FIELDS,<br>Address:  2439 Brunswick Dr<br>        Alberta, VA 23821 | CHAPTER 13 |

In re:

        ALVIN L. FIELDS AND
        CAROLYN T. FIELDS,
Address:  2439 Brunswick Dr
        Alberta, VA 23821

      Debtor(s).

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF8 MASTER PARTICIPATION TRUST,
BY CALIBER HOME LOANS, INC., AS ITS
ATTORNEY IN FACT
      Plaintiff,

v.

ALVIN L. FIELDS AND CAROLYN T.
FIELDS,
Debtor(s)
CARL M. BATES, Trustee

     Defendants.

CASE NO: 13-35006-KRH

CHAPTER 13

## <u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

**TO ALL DEFENDANTS:**

       **Pursuant to Rule 4001(a)-1(C) of the Local Rules of the United States Bankruptcy Court of the Eastern District of Virginia, you have fourteen (14) days from August 22, 2014, the date of service of this Motion upon you, to file a written response thereto and you must file such response with the Clerk of the United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, VA 23219 and serve a copy of same upon the Plaintiff's attorney, Jason L. Hamlin, at 484 Viking Dr. Suite 100, Virginia Beach, VA 23452.**

Jason L. Hamlin, VSB# 46931
Brock & Scott, PLLC
484 Viking Dr., Ste 100
Virginia Beach, VA 23452

757-213-2959
Ext 3023 (paralegal)
vaecf@brockandscott.com
Attorney for U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney in fact

TO THE HONORABLE KEVIN R. HUENNEKENS:

Your Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney in fact, respectfully represents as follows:

1. That this is a core proceeding within the meaning of the Bankruptcy Code and Rules.

2. That on September 17, 2013, the above-named Debtors filed a Petition in this Court.

3. That Carl M. Bates was appointed Trustee of the property, has qualified and is now acting.

4. That at the time of the filing of the Debtor's petition herein, the Debtor had an ownership interest in certain real property and improvements having a street address of 2439 Brunswick Drive, Alberta, VA 23821, located in the County of Brunswick, Virginia, and more particularly described as follows:

THE FOLLOWING DESCRIBED PROPERTY, TO-WIT:

1. ALL THAT CERTAIN TRACT OR PARCEL OF LAND SITUATE AND BEING IN RED OAK MAGISTERIAL DISTRICT, BRUNSWICK COUNTY, VIRGINIA, CONTAINING 0.40 ACRES, MORE OR LESS, AS SHOWN ON A MAP BY J.C. SHEARIN, DATED JANUARY 4, 1983, A COPY OF WHICH IS ATTACHED HERETO TO BE RECORDED ALONG WITH AND AS A PART OF THIS DEED

2. ALL THAT CERTAIN EASEMENT OR RIGHT OF WAY SITUATE AND BEING IN RED OAK MAGISTERIAL DISTRICT, BRUNSWICK COUNTY,

VIRGINIA, COMMENCING AT ROAD #644, THENCE EXTENDING IN AN EASTERLY DIRECTION ALONG A ROADWAY DESIGNATED PATH ON THE AFORESAID MAY BY J.C. SHEARIN DATED JANUARY 4, 1983; THENCE EXTENDING IN A NORTHERLY DIRECTION OVER AND ACROSS THE LAND OF ALVIN LEE FIELDS LOCATED BETWEEN SAID ROADWAY DESIGNATED PATH ON SAID MAP AND THE 0.40 ACRE DESCRIBED IN PARAGRAPH 1, ABOVE TO SAID 0.40 ACRE TO BE USED AS A MEANS OF INGRESS AND EGRESS TO AND FROM 0.40 ACRE DESCRIBED IN PARAGRAPH 1, ABOVE AND ROAD #644. TAX MAP OR PARCEL ID NO: 30-16-0

5. That the Plaintiff is the holder of a Note dated January 10, 2008, in the original principal amount of $104,367.68 with interest thereon from said date at the rate of 12.25% per anum, secured by a Deed of Trust on said real property and improvements recorded in the Clerk's Office of the Circuit Court of the County of Brunswick, Virginia, on which there is an approximate payoff balance of $162,056.70. True copies of the Note and Deed of Trust are attached hereto and incorporated by reference as Exhibits "A" and "B", respectively.

6. The Debtor has defaulted in the mortgage payments to be made outside of the plan.  Upon information and belief, the amount of default, exclusive of fees and costs, is as follows:

| | | | | | |
|---|---|---|---|---|---|
| 2 | payments @ (10/15/13 - 11/15/13) | $ | 1,238.86 | $ | 2,477.72 |
| 9 | payments @ (12/15/13 - 8/15/14) | $ | 1,238.90 | $ | 11,150.10 |
| | **Total Delinquency** | | | **$** | **13,627.82** |

7.  That in the event the Plaintiff is granted relief from stay hereunder, the Plaintiff, its agents

and/or representatives, requests that the Order granting said relief allow the Plaintiff, its

agents and/or representatives, to send communications, as necessary, to the Debtor,

including, but not limited to, notices required by applicable state law in connection with

applicable State Court foreclosure or other proceedings incident to the aforesaid real property

and improvements including and proceedings necessary to recover possession of same from

the Debtors.

8.  That the facts hereinabove alleged constitute cause for a grant of stay relief in favor of the

Plaintiff pursuant to the provisions of 11 USC §362(d).

WHEREFORE, Plaintiff prays that it be granted relief from the provisions of the automatic stay of

the Bankruptcy Code with regard to the above-described real property and improvements including

any act necessary to recover possession of same from the Debtor and that the stay of such grant of

relief imposed pursuant to the provisions of Rule 4001(a)(3) of the Bankruptcy Rules be waived.


                                        U.S. Bank Trust, N.A., as Trustee for LSF8
                                        Master Participation Trust, by Caliber Home
                                        Loans, Inc., as its attorney in fact

                                        By: /s/Jason L. Hamlin
                                                Of Counsel


### CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2014, a true copy of the foregoing Motion for Relief from the
Automatic Stay was submitted for electronic transmittal or mailed, first class, postage prepaid to:

Jason Meyer Krumbein
5310 Markel Rd
Suite 102
Richmond, VA 23230

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218

Alvin L. Fields
Carolyn T. Fields
2439 Brunswick Dr
Alberta, VA 23821

/s/ Jason L. Hamlin
Jason L. Hamlin, VSB# 46931
Brock & Scott, PLLC
484 Viking Dr., Ste 100
Virginia Beach, VA 23452

EXHIBIT A

# LOAN AGREEMENT
## Including Truth-in-Lending Disclosure

| |
|---|
| **Lender:** (Called "We", "Us", "Our")<br>HOUSEHOLD REALTY CORPORATION OF VIRGINIA<br>583 SOUTHPARK BOULEVARD<br>COLONIAL HEIG, VA 23834 |
| **Borrowers:** (Called "You", "Your")<br>ALVIN LEROY FIELDS<br>CAROLYN T. FIELDS<br>2439 BRUNSWICH DRIVE<br>ALBERTA, VA 23841 |
| **Date of Loan:** 01/10/2008      ███████████ |

In this agreement, "you", "your" mean the Borrower(s) who signs this agreement. "We", "us" and "our" refer to the Lender. This agreement covers the terms and conditions of your loan. It is important to us that you clearly understand the features of your loan. Please read this agreement carefully, and ask us any questions you may have.

### Truth-in-Lending Disclosure

| ANNUAL PERCENTAGE RATE<br><br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br><br>The dollar amount the credit will cost you. | Amount Financed<br><br>The amount of credit provided to you or on your behalf. | Total of Payments<br><br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 11.768% | $150,183.34 | $98,999.30 | $249,182.64 |

**Your payment schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due ("e") |
|---|---|---|
| 1 | $1,167.43 | 02/10/2008 |
| 11 | $1,167.43 | Day 10 of each month thereafter. |
| 12 | $1,146.12 | Day 10 of each month thereafter. |
| 12 | $1,125.59 | Day 10 of each month thereafter. |
| 12 | $1,105.88 | Day 10 of each month thereafter. |
| 12 | $1,087.04 | Day 10 of each month thereafter. |
| 12 | $1,069.11 | Day 10 of each month thereafter. |
| 12 | $1,052.15 | Day 10 of each month thereafter. |
| 12 | $1,036.19 | Day 10 of each month thereafter. |

| 12 | $1,021.28 | Day 10 of each month thereafter. |
| 12 | $1,007.43 | Day 10 of each month thereafter. |
| 120 | $994.70 | Day 10 of each month thereafter. |
| | | |

**Assumption:** Someone buying your home cannot assume the remainder of the mortgage on the original terms.

**YOU ARE GIVING US A SECURITY INTEREST IN THE REAL PROPERTY AS DESCRIBED IN THE  DEED OF TRUST AND LOCATED AT:**

2439 BRUNSWICH DRIVE
ALBERTA, VA 23841

| | |
|---|---|
| **Late Charge** | If your monthly installment is not paid in full within 07  day(s) after it is due, you will be charged a late charge equal to 5% of the full amount of the monthly installment. |
| **Prepayment** | You may prepay your loan in full or in part at any time. If you pay off your loan early, you may have to pay a penalty and you will not be entitled to a refund of that part of the Finance Charge consisting of any prepaid finance charges. |

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**The Settlement Statement provides your disbursements and the itemization of the Amount Financed.**

The figure disclosed in the Annual Percentage Rate box on page one is a composite Annual Percentage Rate which reflects the effect of the various interest rate reductions over the term of your loan. Your payment schedule assumes that all payments are received on the due date. See the "Adjustment to Contract Rate (Pay Right Rewards Program)" section of this agreement.

## ABOUT THE SECURITY:

| | |
|---|---|
| **Your Obligation to Insure** | You shall keep the structures located on the real property securing your loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is canceled or expires while your loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below. |
| **Real Property Taxes and Homeowners Insurance** | Homeowners Insurance covering fire and other hazards on the real property security is required, naming us as a loss payee for the term of your loan. You shall pay us on the day that monthly installments |

are due under this agreement, an additional sum (the "Funds") to be used to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Deed of Trust as a lien or encumbrance on the real property; (b) leasehold payments or ground rents on the real property, if any; (c) premiums for any and all insurance required by us under this agreement and the Deed of Trust ("Escrow Items"). You will pay us the Funds for Escrow Items unless we waive your obligation to pay the Funds for any or all Escrow Items. We may waive your obligation to pay us Funds for any or all Escrow Items at any time. Any such waiver must be in writing. In the event of such waiver, you will be solely responsible for paying the amounts due for any Escrow Items directly and, if we require, you shall furnish us with receipts evidencing such payment within such time period as we may reasonably require.

**Title Insurance**

Title insurance on the real property security is required, naming us as a loss payee. You must purchase title insurance or its local equivalent protecting our lien on the real property as a condition to obtaining your loan. You may purchase title insurance from any title insurance provider you choose that we reasonably believe provides sufficient financial protection to us. You request such title insurance and authorize us to deduct the costs of the title insurance from your loan proceeds in order to pay the title insurance provider.

**Lender's Right to Place Hazard Insurance**

You authorize us, at our option, to obtain hazard insurance coverage on the real property in an amount not greater than the outstanding balance of principal and interest on your loan or, if known to be less, the replacement value of the real property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance. We may choose to add the insurance charges to the unpaid balance of your loan, which will accrue interest at the Contract Rate, or bill you for the annual premium on a periodic basis. The addition of the insurance charges due might increase the amount of your final monthly installment. The cost of lender-placed hazard insurance might be higher than the cost of standard insurance protecting the real property. The lender-placed insurance will not insure the contents of the real property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

## ABOUT YOUR LOAN REPAYMENT:

| | | | |
|---|---|---|---|
| SCHEDULED MATURITY DATE | 01/10/2028 | PREPAID FINANCE CHARGES | $5,368.38 |
| MONTHS OF CONTRACT | 240 | PRINCIPAL | $104,367.68 |
| CONTRACT RATE (per year) | 12.250% | JOINT CREDIT DISABILITY | $94.76 |
| AMOUNT FINANCED | $98,999.30 | JOINT CREDIT LIFE | $86.10 |

**Promise to Pay**

You agree to the terms of this agreement and promise to pay us the principal (Amount Financed plus prepaid finance charges consisting of Origination Fee/Points and Closing Fee) plus interest which is computed at a rate of 12.250% (the "Contract Rate"). You agree to pay us in monthly installments as stated in the Payments provision of this agreement. You also agree to pay us: (a) other charges as provided in this agreement; (b) credit insurance charges, if any; (c) collection costs permitted by applicable law, including reasonable attorneys' fees otherwise due under your Deed of Trust and (d) any other charges reflected in your settlement statement.

**Interest**

Interest will be charged on the unpaid principal until the full amount of principal has been paid. You will pay us interest at a yearly Contract Rate of 12.250%.

The interest rate you will pay will change in accordance with the "Adjustment to Contract Rate (Pay Right Rewards Program)" section of this agreement.

The interest rate required by this provision (and the Adjustment to Contract Rate [Pay Right Rewards Program] provision of this agreement) is the rate you will pay both before and after any default as described in this agreement.

**Payments**

**Time and Place of Payments**

You will pay us principal and interest by paying your monthly installments.

You will make your monthly installments to us on the same day of each month beginning on or about 02/10/2008. You will make these monthly installments every month until you have paid all of the principal and interest and any other charges described herein that you may owe under this agreement. Your monthly installments will be applied to interest before principal. If, on the Scheduled Maturity Date, 01/10/2028, you still owe amounts under this agreement, you will pay those amounts in full on that date, which amount will include interest at the then current Contract Rate or any such other rate as required by law.

You will make your monthly installments at the address shown on page one or at the address shown on your monthly billing statement or at a different place that we may give you.

**Amount of Monthly Installments**

Your initial monthly installment will be in the amount of  $1,167.43, plus the amount of any optional insurance or funds for escrow you elected. Your monthly installment amount will change if the interest rate that you must pay changes. We will determine your new interest rate and the changed amount of your monthly installment in accordance with the Adjustment to Contract Rate (Pay Right Rewards Program) provision of this agreement.

| | |
|---|---|
| **Adjustment to Contract Rate (Pay Right Rewards Program)** | The Contract Rate of 12.250% will decrease by 0.30% beginning with the thirteenth (13th) month after every twelve (12) consecutive monthly periods where all monthly installments were made in full within 30 days of their due date. Up to a maximum of 10 Contract Rate reductions are available during the term of your loan.  For each Contract Rate reduction, the monthly installment will be reduced accordingly. Notwithstanding anything to the contrary in this paragraph, you will not receive any Contract Rate reductions or the reduced monthly installment after 24 periods of delinquency.  A "period of delinquency" is defined as any monthly installment that is received more than 30 days past its due date. Consecutive monthly installments received more than 30 days past their respective due dates each count as separate periods of delinquency. |
| **Prepayment** | Subject to the prepayment penalty described below, you may prepay your loan in full or in part at any time. If you pay off your loan early, you may have to pay a penalty and you will not be entitled to a refund of that part of the Finance Charge consisting of any prepaid finance charges. |
| **Prepayment Penalty** | Your loan contains a prepayment penalty. If you prepay the entire outstanding balance of your loan at any time within 24 months of the Date of Loan, 01/10/2008, you agree to pay a prepayment penalty equal to two percent (2.0%) of the unpaid principal balance. No prepayment penalty will be imposed: (a) if your loan is refinanced by another loan with us; (b) after 24 months; (c) if your loan is prepaid from the proceeds of any insurance; or (d) if we sue you. |
| **Late Charge** | If your monthly installment is not paid in full within 07 day(s) after it is due, you will be charged a late charge equal to 5% of the full amount of the monthly installment. |
| **Bad Check Charge** | You agree to pay $35.00 each time any check or payment is made on your loan by any means, including but not limited to, a check or ACH (our Authorization to Debit Account), which is returned unpaid by your bank or other financial institution for any reason. |
| **Additional Charges** | You agree to pay any amounts actually incurred by us for services rendered in connection with the opening and servicing of your loan, as allowed by law. These amounts may include fees for appraisals, title |

examination, title insurance or its local equivalent, fees and taxes paid to public officials in connection with recording, releasing or satisfying the Deed of Trust and other taxes as shown in the Settlement Statement incorporated herein by this reference. You also agree to pay any other amounts incurred by us in connection with the servicing of your loan including any amounts that we may (but need not) pay or that are otherwise due under the Deed of Trust, incorporated herein by this reference.

**Default**    If you fail to make any monthly installment after it becomes due or fail to comply with the terms of the Deed of Trust, we may require that you pay us, at once and without prior notice or demand, the unpaid balance of your loan plus accrued interest and any applicable charges in this agreement as authorized.

**Security Interest**    You are giving us a mortgage on your real estate, located at your address unless a different address is stated. You agree to give us a security interest in the real estate as described in the Deed of Trust.

---

### ABOUT OUR RELATIONSHIP:

**Exchange of Information**    You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by applicable law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you.

**Credit Bureau Reporting**    If you fail to fulfill the terms of your loan, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency.

**Telephone Monitoring**    You agree that we may listen to and/or record telephone calls between you and our representatives for quality assurance purposes.

**Insurance**    Credit insurance is optional. Any applicable insurance disclosures are included with this agreement and are incorporated herein by this reference.

**Alternative Dispute Resolution**    The terms of the Arbitration Rider signed by you as part of your loan transaction are incorporated herein by this reference.

**Applicable Law**    The terms and conditions of this agreement will be governed by Virginia law.

If this loan is a first mortgage, it is a federally related loan made at an agreed rate authorized by Section 501(a), Part A, Title V, Public Law 96-221, also known as Section 1735f-7(a), Title 12, United States Code.

---

If any provision of this agreement is finally determined to be void or unenforceable under any law, rule, or regulation, all other provisions of this agreement will remain valid and enforceable. Our failure to enforce any provision(s) to this agreement shall not be deemed to constitute a waiver of such term(s). In order for any amendment to this agreement to be valid, it must be agreed to by you and us.

**You acknowledge that before signing this agreement, you have read and received this agreement which includes the Federal Truth-in-Lending disclosure and, as applicable, any other riders and/or disclosures incorporated herein by reference. By signing below, you agree to observe the terms and conditions of this agreement.**

YOU MAY BE ENTITLED UNDER THE LAWS OF VIRGINIA TO CLAIM A HOMESTEAD EXEMPTION. BY EXECUTING THIS AGREEMENT, YOU HAVE WAIVED, TO THE EXTENT PERMITTED BY LAW, YOUR EXEMPTION AS TO THE OBLIGATION CREATED BY THIS AGREEMENT AND YOUR RIGHT TO CLAIM THAT THE HOMESTEAD EXEMPTION APPLIES TO ANY PROPERTY IN WHICH YOU GRANT US A SECURITY INTEREST.

Borrower: _____    Date: 1-10-08
ALVIN LEROY FIELDS

Borrower: _____    Date: 1-10-08
CAROLYN T. FIELDS

Witness: _____

# ALLONGE TO NOTE

Caliber Document ID#:      **147549**

Account Number:      ███████████

Allonge to Note Dated:      **1/10/2008**

And Executed by:      **ALVIN LEROY FIELDS**

**CAROLYN T. FIELDS**

Property Address:      **2439 BRUNSWICK DRIVE**

**ALBERTA, VA  23821-3102**

Loan Amount:      **$104,367.68**

Pay to the order of:      **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8
MASTER PARTICIPATION TRUST**

Without recourse:      **HOUSEHOLD REALTY CORPORATION (D/B/A
HOUSEHOLD REALTY CORPORATION OF
VIRGINIA) BY CALIBER HOME LOANS, INC. AS
ATTORNEY IN FACT**

By:      **Kendra Cook**

Title:      **Vice President**

EXHIBIT B

080000100

## DEED OF TRUST

☐ If this box is checked, this Deed of Trust secures future advances.

THIS DEED OF TRUST is made this 10TH day of JANUARY , 20 08 , among the Grantor(s),
ALVIN LEROY FIELDS & CAROLYN T. FIELDS, MARRIED

(herein "Borrower"), EVERETT SPARKS

4842 COMMONWEALTH CTR. PKWY, MIDLOTHIAN, VA 23112
as Trustee (any one of whom may act and who are referred to herein as "Trustee"), and the Beneficiary,
HOUSEHOLD REALTY CORPORATION OF VIRGINIA
a corporation organized and existing under the laws of DELAWARE whose address is
583 SOUTHPARK BOULEVARD, COLONIAL HEIG, VA 23834
(herein "Lender").

The following paragraph preceded by a checked box is applicable.

☒ WHEREAS, Borrower is indebted to Lender in the principal sum of $ 104,367.88 ,
evidenced by Borrower's Loan Agreement dated JANUARY 10, 2008 and any extensions or
renewals thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing
for monthly installments of principal and interest, including any adjustments to the amount of payments or
the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and
payable on JANUARY 10, 2028 ;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $ ,
or so much thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated
and extensions and renewals thereof (herein "Note"), providing for monthly
installments, and interest at the rate and under the terms specified in the Note, including any adjustments
in the interest rate if that rate is variable, and providing for a credit limit stated in the principal sum
above with initial advance of $ ;

TO SECURE to Lender the repayment of the indebtedness, including future advances, evidenced by
the Note, with interest thereon at the applicable contract rate (including any adjustments to the amount of
payment or the contract rate if that rate is variable) and other charges; the payment of all other sums, with
interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the
performance of the convenants and agreements of Borrower herein contained, Borrower, in consideration
of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in
trust with power of sale, the following described property located in the
BRUNSWICK State of Virginia:

THE FOLLOWING DESCRIBED PROPERTY, TO-WIT:

1. ALL THAT CERTAIN TRACT OR PARCEL OF LAND SITUATE AND
BEING IN RED OAK MAGISTERIAL DISTRICT, BRUNSWICK COUNTY,
VIRGINIA, CONTAINING 0.40 ACRES, MORE OR LESS, AS SHOWN ON A
MAP BY J.C. SHEARIN, DATED JANUARY 4, 1983, A COPY OF WHICH
IS ATTACHED HERETO TO BE RECORDED ALONG WITH AND AS A PART
OF THIS DEED.

2. ALL THAT CERTAIN EASEMENT OR RIGHT OF WAY SITUATE AND
BEING IN RED OAK MAGISTERIAL DISTRICT, BRUNSWICK COUNTY,
VIRGINIA, COMMENCING AT ROAD #644, THENCE EXTENDING IN AN
EASTERLY DIRECTION ALONG A ROADWAY DESIGNATED PATH ON THE
AFORESAID MAP BY J.C. SHEARIN, DATED JANUARY 4, 1983; THENCE
EXTENDING IN A NORTHERLY DIRECTION OVER AND ACROSS THE LAND
OF ALVIN LEE FIELDS LOCATED BETWEEN SAID ROADWAY DESIGNATED
PATH ON SAID MAP AND THE 0.40 ACRE DESCRIBED IN PARAGRAPH 1,
ABOVE TO SAID 0.40 ACRE TO BE USED AS A MEANS OF INGRESS AND
EGRESS TO AND FROM 0.40 ACRE DESCRIBED IN PARAGRAPH 1, ABOVE
AND ROAD #644. TAX MAP OR PARCEL ID NO:: 30-16-D

2008 JAN 23  AM 8:43

This instrument was prepared by: Household Realty Corporation of Virginia.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property;"

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest (including any variations in interest resulting from changes in the Contract Rate that may be specified in the Note) on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to paragraph 2. Payments due under the Note and this Deed of Trust shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Deed of Trust is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Deed of Trust be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in paragraph 12. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each monthly payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Deed of Trust or performing the covenants and agreements secured by this Deed of Trust.

2. **Funds for Escrow Items.** Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Deed of Trust as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under paragraph 5; and (d) mortgage insurance premiums, if any. These items are called "Escrow Items." At origination or at any time during the term of the Note, Lender may require that community association dues, fees, and assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts for all purposes be deemed to be a covenant and agreement contained in this Deed of Trust, as the phrase "covenant and agreement" is used in paragraph 7. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under paragraph 7 and pay such amount and Borrower shall then be obligated under paragraph 7 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with paragraph 12 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph 2.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 35000), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this security instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the loan does not qualify as a "federally related mortgage loan" under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

05-15-06
DOT

(Page 3 of 7)

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender.

3. **Application of Payments or Proceeds.** Except as otherwise described in this paragraph 3 or as may be required by the Note and/or applicable law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under paragraph 2. Such payments shall be applied to each monthly payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Deed of Trust, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent monthly payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one monthly payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the monthly payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more monthly payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or other proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount of the monthly payments.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's

05-15-08
DOT

written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the applicable Contract Rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. Inspection. Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower and all other parties who are or who hereafter may become secondarily liable shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. Governing Law; Severability. The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall apply except where such laws conflict with Federal law, in which case Federal law applies. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. Borrower's Copy. Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. Transfer of the Property. If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, (d) the creation of a purchase money security interest for household appliances, (e) a transfer to a relative resulting from the death of the Borrower, (f) a transfer where the spouse or children of the Borrower become an owner of the property, (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Borrower becomes an owner of the property, (h) a transfer into an inter vivos trust in which the Borrower is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the property, or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, Borrower shall cause

05-15-06
DOT

(Page 6 of 7)

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to release this Deed of Trust and shall surrender all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall release this Deed of Trust.

21. **Substitute Trustee.** Lender may from time to time in Lender's descretion remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. **Identification of Note.** The note is identified by a certificate on the Note executed by any Notary Public who certifies an acknowledgement hereto.

23. **Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

```
        INSTRUMENT #080000100
RECORDED IN THE CLERK'S OFFICE OF
        BRUNSWICK COUNTY ON
JANUARY 15, 2008 AT 11:54AM

   V. EARL STANLEY, JR., CLERK
        RECORDED BY: JSM
```

## (THIS SPACE INTENTIONALLY LEFT BLANK)

05-15-06
DOT

to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing If Lender does not agree to such sale or transfer, Lender may declare all of the sums secured by this Deed of Trust to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall deliver or mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, or as otherwise required by law, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender or Trustee shall give to Borrower (and the owner of the Property, if a different person) notice of sale in the manner prescribed by applicable law. Trustee shall give public notice of sale by advertising, in accordance with applicable law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which the Property or some portion thereof is located, and by such additional or different form of advertisement as the Trustee may deem advisable, if any. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later than 30 days following the last advertisement. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine.

Trustee may postpone sale of all or any parcel of the property by advertising in accordance with applicable law. Lender or Lender's designee may purchase the Property at any sale. Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold with special warranty of title. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, Trustee's fees,reasonable attorney's fees and costs of title evidence; (b) to the discharge of all.taxes, levies and assessments on the Property, if any, as provided by applicable law; (c) to all sums secured by this Deed of Trust; and (d) the excess, if any, to the person or persons legally entitled thereto. Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at such sale.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

05-15-06
00T

(Page 7 of 7)

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or foreclosure action.

IN WITNESS WHEREOF,  Borrower has executed and sealed this Deed of Trust.

_____ (SEAL)
ALVIN LEROY FIELDS          -Borrower

_____ (SEAL)
CAROLYN T. FIELDS           -Borrower

STATE OF VIRGINIA,   CITY          of  COLONIAL HEIGHTS          ss:

On this 10 day of JANUARY , 20 08 before me personally appeared
ALVIN LEROY FIELDS & CAROLYN T. FIELDS        , known to me (or satisfactorily proven) to
be the person described in and who executed the foregoing instrument, and acknowledged that
THEY                    executed the same as      THEIR              free act and deed.
(he/she/they)                                    (his/her/their)

My commission Expires:

David Jay Fishman
Commonwealth of Virginia
Notary Public
My Commission No. 319056
My Commission Expires 11/30/2010

(Notary Public)

STATE OF VIRGINIA, _____ of _____                ss:

On this_____ day  of_____ , 20 _____, before me personally appeared
_____, known to me (or satisfactorily proven) to
be the person described in and who executed the foregoing instrument, and acknowledged that
_____ executed the same as _____ free act and deed.
(he/she/they)                                    (his/her/their)

My commission Expires:

_____
(Notary Public)

——————  {Space Below This Line Reserved For Lender and Recorder}  ——————

Return To:
Household Realty Corporation
577 Lamont Road
Elmhurst, IL 60126

NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

05-15-06
DOT



OFFICIAL RECEIPT
BRUNSWICK COUNTY CIRCUIT COURT
DEED RECEIPT

DATE: 01/15/08 TIME: 11:54:36 ███████████████    ████████████████████
CASHIER: JSM   REG: BX15  TYPE: DOT    PAYMENT:  FULL PAYMENT
INSTRUMENT  : 080000100  BOOK:     PAGE:      RECORDED: 01/15/08 AT 11:54
GRANTOR: FIELDS, ALVIN LEROY; ET AL              EX: N LOC: CO
GRANTEE: SPARKS, EVERETT; TRUSTEE                EX: N PCT: 100%
 AND ADDRESS : 4842 COMMONWEALTH CTR PKWY MIDLOTHIAN, VA 23117
RECEIVED  OF : HSBC BANK               DATE OF DEED: 01/10/08
   CHECK:       $379.00
DESCRIPTION 1: RED OAK DIST; 0.40 ACRES               PAGES:   0
            2:                                        NAMES:   0
CONSIDERATION:    104,367.68  A/VAL:        .00  MAP: *30*******16D**
                                                 PIN:

301   DEEDS                    14.50  145  VSLF                    1.50
039   DEEDS AND CONTRACTS     261.00  213  COUNTY GRANTEE TAX     87.00
106   TECHNOLOGY TRST FND       5.00  036  DEED PROCESSING FEE    10.00

                                          TENDERED   :        379.00
                                          AMOUNT PAID:        379.00
                                          CHANGE AMT :           .00
                  CLERK OF COURT: V. EARL STANLEY, JR.




                    PAYOR'S COPY
                  RECEIPT COPY  1  OF  3

CALIBER HOME LOANS, INC AS
SERVICER CERTIFIES THIS DOCUMENT
TO BE A TRUE & CORRECT COPY OF THE
ORIGINAL THAT HAS BEEN SENT FOR
RECORDING IN THE APPROPRIATE
GOVERNMENT RECORDING OFFICE
WHERE THE MORTGAGE PROPERTY
IS LOCATED

RECORDING REQUESTED BY AND WHEN RECORDED RETURN TO:

Space Above This Line For Recorder's Use

Prepared By:  **Kody Hastings**

Caliber Document ID#

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

FOR VALUE RECEIVED, the undersigned **HOUSEHOLD REALTY CORPORATION (D/B/A HOUSEHOLD REALTY CORPORATION OF VIRGINIA)** whose address is 636 GRAND REGENCY BLVD BRANDON, FL 33510, hereby grants, assigns and transfers to **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST** whose address is 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134 all beneficial interest under that certain Deed of Trust dated 1/10/2008 executed by ALVIN LEROY FIELDS and CAROLYN T. FIELDS, MARRIED to EVERET SPARKS AS TRUSTEE FOR THE BENEFIT OF HOUSEHOLD REALTY CORPORATION OF VIRGINIA in the amount of $104,367.68 and recorded on 1/15/2008 as Instrument # 080000100, in Book/Volume or Liber No. -- , Page/folio -- of Official Records in the County Recorder's office of **BRUNSWICK** County, VA, describing land herein as: '**SEE ATTACHED 'EXHIBIT A'**

Property Address:    **2439 BRUNSWICK DRIVE, ALBERTA VA 23821-3102**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated this 19th day of August of 2014

Witness #1  Debbie Elliott

Witness #2  Kody Hastings

County of Oklahoma )
State of Oklahoma )

HOUSEHOLD REALTY CORPORATION (D/B/A
HOUSEHOLD REALTY CORPORATION OF VIRGINIA)
BY CALIBER HOME LOANS, INC. AS ATTORNEY IN
FACT

By:      Kendra Cook
Title:    Vice President

On **August 19, 2014** before me, **K. Brashears**, a Notary Public in and for Oklahoma County, in the State of Oklahoma, personally appeared, **Kendra Cook**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand official seal.

Notary Name:    K. Brashears

My Commission Expires:    **4/14/2017**

# EXHIBIT A

THE FOLLOWING DESCRIBED PROPERTY, TO-WIT:

1. ALL THAT CERTAIN TRACT OR PARCEL OF LAND SITUATE AND
BEING IN RED OAK MAGISTERIAL DISTRICT, BRUNSWICK COUNTY,
VIRGINIA, CONTAINING 0.40 ACRES, MORE OR LESS, AS SHOWN ON A
MAP BY J.C. SHEARIN, DATED JANUARY 4, 1983.

2. ALL THAT CERTAIN EASEMENT OR RIGHT OF WAY SITUATE AND
BEING IN RED OAK MAGISTERIAL DISTRICT, BRUNSWICK COUNTY,
VIRGINIA, COMMENCING AT ROAD #644, THENCE EXTENDING IN AN
EASTERLY DIRECTION ALONG A ROADWAY DESIGNATED PATH ON THE
AFORESAID MAP BY J.C. SHEARIN, DATED JANUARY 4, 1983; THENCE
EXTENDING IN A NORTHERLY DIRECTION OVER AND ACROSS THE LAND
OF ALVIN LEE FIELDS LOCATED BETWEEN SAID ROADWAY DESIGNATED
PATH ON SAID MAP AND THE 0.40 ACRE DESCRIBED IN PARAGRAPH 1,
ABOVE TO SAID 0.40 ACRE TO BE USED AS A MEANS OF INGRESS AND
EGRESS TO AND FROM 0.40 ACRE DESCRIBED IN PARAGRAPH 1, ABOVE
AND ROAD #644.

Caliber Rep's name: Kody Hastings

Borrower Name: ALVIN LEROY FIELDS & CAROLYN T FIELDS

County Rep's name: Camillia

County Assessor phone # called: (434) 848 - 2313

Date: 8/19/2014

I personally contacted the County Tax Assessor, listed above, who confirmed that the current Parcel ID for the property located at 2439 BRUNSWICK DRIVE, ALBERTA, VA 23821-3102 is 30-18-D, this matches address information present in FiServ for this borrower and loan and corresponds to the legal description used in the mortgage.